Henry W. Lengyel, J.
Claimants have brought claim against the State sounding in tort and arising out of an accident which allegedly occurred on or about April 23,1965, when infant claimant, Calvin J. Knott, was injured by a piece of glass which allegedly fell from the top of the New York State Pavilion Tower at the New York World’s Fair.
Claimants move herein for an examination before trial of the State in relation to maintenance, operation, control, and responsibility for the New York State Pavilion in the year 1965.
Claimants have brought an independent action against the New York World’s Fair 1964-1965 Corp.; we assume in the State Supreme Court. Their attorney, by affidavit, advised the court that ‘1 the issue of maintenance, operation, and control is being disputed and there is no way of arriving at the true facts ’ ’ unless we direct the State to submit to an examination before trial.
*685 The State does not object to the relevancy or materiality of the material sought by this motion. However, its attorneys advised the court by affidavit, “ That there is no one presently in the employ of The State of New York who acted in the capacity of either an employee or agent of the State of New York at the World’s Fair in the year 1965 and, by oral argument, on the return date of this motion, that the State does not know who was in charge of the New York State Pavilion at the World’s Fair in 1965; and, that no one knows where the records, if any, are relative to the operation of the New York State Pavilion. We can understand the situation of temporary employees being engaged to operate, maintain, and control the New York State Pavilion during the World’s Fair of 1964-1965 and being discharged at the completion of the Fair. However, to advise us that there is no one in the State’s employ who can advise as to who worked as a State employee at the Pavilion; as to who was in charge of the Pavilion; and, that no one in the State’s employ knows what records were maintained and where they are maintained, is absolutely incredible.
We point out that chapter 429 of the Laws of 1960 established the New York State Commission on the World’s Fair and appropriated $50,000 for the purpose of carrying out the commission’s duties. Part of these duties was stated in section 2 of said chapter 429 to be preparation of exhibits and projects to be presented at the Fair and “ the selection of appropriate sites for such exhibits and projects * * * and preparation for the erection of necessary buildings ”. The New York Red Book, 1965-1966, an authorized publication of the State, lists, at page 813, the names of the very eminent and capable persons appointed to said commission. We do not believe such a commission would expend a $50,000 appropriation without records; we do not believe that the Comptroller of this State would pay for expenditures without records; and, we do not believe the New York State Pavilion could have been constructed and operated without records.
Chapter 664 of the Laws of 1965 provides that the Commissioner of General Services is authorized to convey, after the termination of the Fair,1 ‘ all right, title and interest of the State in the building known as the New York State Pavilion located within the site of the 1964-1965 New York World’s Fair * * * to the city of New York. ’ ’ Certainly such statute is an admission that the State owned and controlled said building.
We believe that claimants are entitled to be advised the names of those who were employed by the State in the operation, maintenance, and control of the New York State Pavilion in the *686 period January 1, 1965 through April 23, 1965, inclusive; and, as control seems to be an issue in this claim, for a six months’ period after April 23, 1965. If such persons are no longer employees of the State, then claimants shall have to move to examine them as witnesses. (See Tice v. State of New York, 21 A D 2d 974.) However, claimants cannot so move until, they have the essential preliminary information which should be in the State’s possession and available for examination.
We direct that the State produce for examination before trial at the Attorney-General’s office at 270 Broadway, New York City, within 60 days from the entry of an order herein, one or more officers, agents, or employees having knowledge of the facts and circumstances sought to be obtained by the claimants herein and the records relatable to said facts. We suggest that the State’s attorneys might confer with the office of the State Comptroller and the Office of General Services, among others, to determine whether the required information is really not available. If after assiduous investigation the State cannot find any records relating to these facts; or, any person with knowledge, it should file an affidavit to that effect. (See Fugazy v. Time, Inc., 24 A D 2d 443.)